**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIDA CRISTINA PALMA, | No. 09-71821 |
| Petitioner, | Agency No. A074-424-624 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Aida Christina Palma, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order denying her motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Palma's motion to reopen based on lack of notice of her hearing location, where Palma received written notice of the place of her hearing, did not provide sufficient evidence to establish that her hearing did not occur at this location, and does not contend that she appeared for her hearing at the wrong location. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2) (a motion to reopen to rescind an in absentia order may be filed at any time if "the alien demonstrates that he or she did not receive notice . . . and the failure to appear was through no fault of the alien."). Because this determination is dispositive of the issue of notice, we do not reach Palma's remaining contentions on that topic.

The BIA did not violate Palma's due process rights in declining to grant her request for a transcript of her in absentia hearing, where the BIA informed Palma of her ability to listen to audio recordings of the hearing and there is no obligation for the BIA to provide a transcript. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice); *cf. Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011) ("[I]n lieu of

providing a transcript, the immigration court may record [bond] hearings and make the audio recordings available for appeal upon request.").

In her opening brief, Palma fails to raise, and therefore has waived, any challenge to the agency's denial of her motion to reopen to apply for new relief as untimely. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives a contention by failing to raise it in the opening brief).

**PETITION FOR REVIEW DENIED.**